UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

A.N. by and through her next friend,
KATHERINE PONDER, and
KATHERINE PONDER,

      Plaintiffs,

      v.                                            Civ. No. 18-173 JAP/GJF

ALAMOGORDO POLICE DEPARTMENT, et al,

      Defendants.

## ORDER GRANTING MOTION TO STAY

This matter is before the Court upon the City of Alamogordo *ex rel.* Alamogordo Police Department, Keith Daron Syling, Michael Lawrence, Roger Schoolcraft, David Kunihiro, and Audra Smith's ("Defendants'") Opposed Motion for Stay ("Motion"), filed April 6, 2018. ECF No. 24. Plaintiffs responded on April 23, 2018 [ECF No. 38][1], and Defendants replied on May 2, 2018 [ECF No. 50]. Having reviewed the Motion and accompanying briefing, and being otherwise fully advised, the Court will **GRANT** the Motion.

**I.    BACKGROUND**

Plaintiffs filed their unredacted Complaint on March 2, 2018. ECF No. 6. Plaintiffs allege that Defendants violated Plaintiff A.N.'s constitutional rights under both the U.S. Constitution and the New Mexico Constitution by publishing her full name, information about the allegations against her, and her photograph via a news release and social media. Pls.' Compl. 7-13, 21-37, 43-44, ECF No. 6. In lieu of an Answer, Defendants filed an unredacted Motion to Dismiss based on qualified immunity and governmental immunity under the New Mexico Tort Claims Act on April 6, 2018. ECF No. 22. In relevant part, Defendants argue that their release

---

[1] All citations to Plaintiffs' Response refer to the brief filed in support of their Response to the Motion, and not the Response itself [ECF No. 37].

of A.N.'s information did not violate her constitutional rights because the information itself was not highly personal or intimate. *See* Defs.' Mot. to Dismiss 11, ECF No. 23. Because Plaintiffs cannot show that the law was clearly established, Defendants assert that they are entitled to qualified immunity with respect to the Section 1983 claims. *See id*. at 11-13. As is often done in civil rights cases, Defendants have separately moved to stay all proceedings in this case until the motion to dismiss has been decided. *See* Defs.' Mot. to Stay, ECF No. 24.

## II. STATUS OF THE LAW

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th

Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

### III. ANALYSIS

The Court finds that a stay of proceedings as to all defendants is appropriate. Defendants have raised a qualified immunity defense. The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

Plaintiffs argue that because they requested prospective injunctive relief in their Complaint, and because qualified immunity does not apply to claims against state officials for injunctive relief, they should be permitted to engage in limited discovery regarding the prospective injunctive relief they seek. Pls.' Mot. 3-6, ECF No. 38. That prospective injunctive relief is a permanent injunction against the City of Alamogordo and the Alamogordo Police Department "from further disclosing confidential juvenile arrest, detainment, and delinquency records protected by New Mexico state statutes, regulations, and rules." Pls.' Compl. 45. However, Plaintiffs do not explain what kind of discovery is needed with respect to this prospective injunctive relief. Plaintiffs do not allege that the municipal Defendants disclosed the confidential information of other juveniles, and even if they had, Plaintiffs are not suing on behalf of other juveniles. Plaintiffs also do not address why discovery related to the prospective injunctive relief they seek cannot be pursued after the stay is lifted.

Plaintiffs also argue that because the City of Alamogordo cannot benefit from qualified immunity, and because Defendants moved only to partially dismiss Plaintiffs' Complaint, the City should be required to file an Answer. *Id*. at 4-5. The only count in Plaintiffs' Complaint

3

that Defendants did not move to dismiss is Count IX, which alleges violations of the New Mexico Constitution's equal protection clause. Pls.' Compl. 43-44. Count IX is pled against the individual Defendants and the Alamogordo Police Department. *Id.* at 43. Despite Defendants' failure to include Count IX in their Motion to Dismiss, if their Motion to Dismiss is granted on qualified immunity grounds, Count IX will be dismissed with respect to the individual Defendants. Even if Count IX is not entirely resolved if the Court grants Defendants' Motion to Dismiss, since it would still be pending against the City of Alamogordo, Plaintiffs still do not explain what kind of discovery they wish to engage in with respect to the City's alleged violations of the New Mexico Constitution.

Defendants assert that "[d]iscovery does not occur in a vacuum," and that "the individual Defendants who have asserted qualified immunity would necessarily have to participate in that discovery[.]" Defs.' Reply 2-3, ECF No. 50. Defendants also point out that "[i]f the Court were to grant the Motion to Dismiss on the basis that there was no constitutional violation, such a ruling would effective[ly] dispose of any *Monell* municipal liability claim and any [Section] 1983 claim for equitable relief, and there would be no need to conduct discovery related to these claims." *Id.* at 3; *see also Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (holding that to establish municipal liability under § 1983, a plaintiff must demonstrate that an officer committed an underlying constitutional violation, that a municipal policy or custom exists, and that there is a direct causal link between the policy or custom and the injury alleged).

The Court finds these arguments to be persuasive. In order for Plaintiffs to conduct discovery on their prospective injunctive relief, their discovery requests would necessarily require the individual Defendants to participate in that discovery. And if there is no constitutional violation, the City of Alamogordo cannot be liable under Section 1983, and there

4

is no need to conduct discovery with respect to the City, Count IX, or Plaintiffs' prospective injunctive relief. Case law from this District has recognized that "after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense." *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013). Plaintiffs have not persuaded the Court that it should deviate from *Iqbal*'s rule that once one defendant has asserted qualified immunity, discovery for all defendants should be stayed. *See* 556 U.S. at 685-86.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**, and all proceedings are **STAYED** pending the Court's ruling on the Defendants' Motion to Dismiss [ECF No. 23].

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE